1 EDMUND G. BROWN JR.
Attorney General of the State of California
2 DANE R. GILLETTE
Chief Assistant Attorney General
3 GERALD A. ENGLER
Senior Assistant Attorney General
4 GREGORY A. OTT
Deputy Attorney General
5 PEGGY S. RUFFRA
Supervising Deputy Attorney General
6 State Bar No. 117315
 455 Golden Gate Avenue, Suite 11000
7 San Francisco, CA 94102-3664
 Telephone: (415) 703-1362
8 Fax: (415) 703-1234
 Email: peggy.ruffra@doj.ca.gov
9 Attorneys for Respondent

10                     IN THE UNITED STATES DISTRICT COURT

11                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                            SAN FRANCISCO DIVISION

13

14 **ROBERT LYMAN,**                          C 08-2478 JSW

15                              Petitioner,    **NOTICE OF MOTION AND
                                              MOTION TO DISMISS HABEAS
16              v.                             CORPUS PETITION AS
                                              UNTIMELY**
17 **LARRY SCRIBNER, Warden,**
                                              Date:       November 7, 2008
18                              Respondent.    Time:       9:00 a.m
                                              Courtroom:  2, 17th floor

19         PLEASE TAKE NOTICE that on November 7, 2008, at 9:00 a.m., respondent will move

20 this Court for an order dismissing the petition for writ of habeas corpus for failure to comply with

21 the statute of limitations set forth in 28 U.S.C. § 2244(d).

22         A motion to dismiss in lieu of an answer on the merits is proper where the petition is

23 procedurally defective. *See White v. Lewis,* 874 F.2d 599, 602-603 (9th Cir. 1989); *O'Bremski v.*

24 *Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4 and

25 Advisory Committee Notes.[1]

26

27

28     1. We have noticed a hearing date in accordance with the local rules, but have no objection
to the Court deciding the case without oral argument. *See* Civil L. R. 7-1(b).

*Lyman v. Scribner* - Motion to Dismiss Habeas Corpus Petition as Untimely - C 08-2478 JSW

1

## MOTION TO DISMISS HABEAS CORPUS
## PETITION AS UNTIMELY

2

3

### STATEMENT OF THE CASE

4      The Contra Costa District Attorney's Office charged petitioner as a two-strike defendant

5   with kidnapping, carjacking, assault with force likely to produce great bodily injury, and false

6   imprisonment, along with enhancements and prior conviction allegations. *See* Exh. 10.   On

7   November 7, 2005, pursuant to a negotiated plea, petitioner pled no contest to one count of assault

8   with force likely to produce great bodily injury and an enhancement for personal infliction of great

9   bodily injury, for a guaranteed sentence of five years. *See* Petition at p-3.   On January 6, 2006, the

10   court sentenced petitioner to five years in prison. *Id*.

11      Petitioner did not pursue a direct appeal in state court.   On August 14, 2006, petitioner

12   filed a habeas petition in Contra Costa Superior Court.   Exh. 1.[2/]   On September 11, 2006, the

13   superior court denied the petition without prejudice, because petitioner failed to provide any of the

14   required documents.   Exh. 2; *see People v. Duvall*, 9 Cal.4th 464, 474-475 (1995) (to satisfy initial

15   pleading burden, habeas petitioner should "include copies of reasonably available documentary

16   evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or

17   declarations").

18      On November 7, 2006, petitioner filed a second habeas petition in Contra Costa Superior

19   Court with attached documents.   Exh. 3.   On December 20, 2006, the petition was denied.   Exh. 4.

20      On March 12, 2007, petitioner filed a habeas petition in the California Court of Appeal.

21   Exh. 5.   On March 21, 2007, the petition was denied.   Exh. 6.

22      On June 15, 2007, petitioner filed a habeas petition in the California Supreme Court.   Exh.

23   7.[3/]   On December 19, 2007, the petition was denied.   Exh. 8.

24

25      2.   Because this motion concerns only whether the federal petition is timely, we have
    provided only the file-stamped face page of the state petitions, instead of the entire document.   The

26   file-stamp on Exh. 1 is faint but is definitely August 14, 2006.

27      3.   This was the only state petition filed in pro se; all the rest were filed by counsel.

28   Although petitioner labeled this a superior court petition, it was filed in the California Supreme
    Court.

*Lyman v. Scribner* - Motion to Dismiss Habeas Corpus Petition as Untimely - C 08-2478 JSW

On March 15, 2008, petitioner filed a third habeas petition in the Contra Costa Superior Court. Exh. 9; *see* Exh. 10.[4/]  On June 24, 2008, the superior court denied the petition, finding that the claims were untimely and that petitioner had offered no justification for the late filing. Exh. 10, citing *In re Clark*, 5 Cal.4th 750 (1993), and *In re Robbins*, 18 Cal.4th 770 (1998).

On May 15, 2008, petitioner filed a habeas petition in this Court.

## ARGUMENT

## THE PETITION IS UNTIMELY

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which imposed a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d).  The purpose of the statute is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002).

The limitations period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's case became final on March 7, 2006, 60 days after his sentencing on January 6, 2006, when the time to file a notice of appeal expired. Cal. Rules of Court, rule 8.308(a). Absent tolling, he had until March 7, 2007, to file a timely federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).[5/]

The limitations period is tolled during the pendency of a properly filed state collateral challenge to the judgment. 28 U.S.C. § 2244(d)(2). Here, petitioner filed his first superior court petition on August 14, 2006. At that point **160 days** of the limitations period had elapsed. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (no tolling before first state collateral challenge is filed "because there is no case 'pending' during that interval"). That petition tolled the statute for

---

4. As the court noted, this was "denominated a second, but really a third" habeas petition filed in superior court. Exh. 10 at 1.

5. In his federal petition petitioner makes the conclusory statement, "This petition is timely." Petition for Writ of Habeas Corpus at p-6. However, he does not address 28 U.S.C. § 2244(d).

*Lyman v. Scribner* - Motion to Dismiss Habeas Corpus Petition as Untimely - C 08-2478 JSW

the 28 days it was pending, from August 14 to September 11, 2006.

Another **57 days** of the limitations period elapsed before petitioner filed his next superior court petition on November 7, 2006. That petition tolled the statute for the 43 days it was pending, from November 7 to December 20, 2006.

Petitioner is not entitled to continuous tolling during the interval between the two superior court petitions, because he was not proceeding from a lower court to a higher court. For purposes of 28 U.S.C. § 2244(d)(2), state collateral proceedings are "pending" only during "the intervals between a lower court decision and the filing of a new petition *in a higher court*." *Carey v. Saffold*, 536 U.S. at 223, emphasis added; *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001) (no tolling during interval between successive state habeas petitions filed in same court); *Nino v. Galaza*, 183 F.3d at 1004 (statute is tolled only "between the disposition of an appeal or post-conviction petition and the filing of an appeal or successive petition *at the next state appellate level*," emphasis added).

Another **82 days** of the limitations period elapsed before petitioner filed his habeas petition in the California Court of Appeal on March 12, 2007. That petition tolled the statute for the 9 days it was pending, from March 12 to March 21, 2007.

Another **88 days** of the limitations period elapsed before petitioner filed his habeas petition in the California Supreme Court. That petition tolled the statute for the 185 days it was pending, from June 15 to December 19, 2007.

Petitioner is not entitled to continuous tolling during the intervals between his second superior court and appellate court petitions, or between his appellate court and supreme court petitions, because in each case he delayed more than 60 days before filing the next petition. In *Evans v. Chavis*, 546 U.S. 189 (2006), the Supreme Court held a state habeas petition is "pending" within the meaning of 28 U.S.C. § 2244(d)(2) and thus tolls during the intervals only if the petition was timely filed under the applicable state rule — in California, within a "reasonable time." *Id.* at 198. This limitation applies even if the state court does not expressly impose a time bar. *Id.* The Supreme Court found that most states require a petitioner to proceed to a higher court within "30 to 60 days," and held that the six-month interval in that case was unreasonable. *Id.* at 201. As the

82 and 88 day delays here clearly exceeded the 30 to 60 days the Supreme Court contemplated in *Chavis*, the statute was not tolled during those intervals. *Livermore v. Watson*, 556 F. Supp. 2d 1112, 2008 U.S. Dist. LEXIS 23890, *10-19 (E.D. Cal. 2008) (no interval tolling for 78 day gap between petitions); *Culver v. Director of Corrections*, 450 F. Supp. 2d 1137, 1140-1141 (C.D. Cal. 2006) (no interval tolling for 71 and 97 day gaps between petitions).

Another 87 days of the limitations period elapsed before petitioner filed his habeas petition in the Contra Costa Superior Court on March 15, 2008. That petition was pending in superior court for 101 days, but it did not toll the statute at all. The superior court expressly found the petition untimely, citing *Clark* and *Robbins*. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court held that a state petition that is denied as untimely is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Id.* at 417; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) ("the California Supreme Court's citation to *Robbins* was a clear ruling that Thorson's petition was untimely" and therefore did not toll the statute); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005), *amended* 439 F.3d 993 (9th Cir. 2006). Accordingly, another **148 days** of the limitations period elapsed after the California Supreme Court denied habeas relief on December 19, 2007 until petitioner filed his federal habeas petition in this Court until May 15, 2008.

When the untolled days are added together, the sum establishes that the federal petition was filed after the statute of limitations had expired. There is no question that the statute ran during the 160 days that elapsed before petitioner began his state collateral challenges. Petitioner is not entitled to statutory tolling for the 57 days that elapsed between his successive superior court petitions, or for the unreasonably lengthy 82 and 88 days that elapsed between the subsequent filings. He is not entitled to statutory tolling for either the interval or the pendency of his untimely third superior court petition, thus a total of 148 days elapsed between the denial of his state supreme court petition and the filing of his federal petition. Accordingly, 535 days of untolled time elapsed before petitioner arrived in federal court. As petitioner had only 365 days to file a timely federal petition, it was 170 days late. Therefore, the petition is untimely and must be dismissed.

1

**CONCLUSION**

2          For the reasons stated, respondent respectfully requests that the petition for writ of

3   habeas corpus be dismissed with prejudice for failure to comply with the statute of limitations in 28

4   U.S.C. § 2244(d).

5

6          Dated:  August 26, 2008

7                         Respectfully submitted,

8                         EDMUND G. BROWN JR.
                          Attorney General of the State of California

9                         DANE R. GILLETTE
                          Chief Assistant Attorney General

10
                          GERALD A. ENGLER
11                        Senior Assistant Attorney General

                          GREGORY A. OTT
12                        Deputy Attorney General

13
                          **/s/ Peggy S. Ruffra**
14
                          PEGGY S. RUFFRA
15                        Supervising Deputy Attorney General

16                        Attorneys for Respondent

17

18

19

20

21

22

23

24

25

26

27

28

*Lyman v. Scribner* - Motion to Dismiss Habeas Corpus Petition as Untimely - C 08-2478 JSW

# EXHIBIT 1

1    Robert J. Beles Bar No. 41993
     Paul McCarthy Bar No. 139497
2    1 Kaiser Plaza, Suite 2300
     Oakland, California 94612-3642
3    Tel. No. (510) 836-0100
     Fax No. (510) 832-3690
4    Attorneys for *Petitioner ROBERT ANTHONY LYMAN*

5

6

7

8              Superior Court of California, County of Contra Costa
                              Main Courthouse
9

10   PEOPLE OF THE STATE OF CALIFORNIA,        No.
                                               Related Criminal No. 215795-6
11                     *Plaintiff,*
            vs.                                PETITION FOR WRIT OF HABEAS CORPUS;
12                                             MEMORANDUM OF POINTS AND
     ROBERT ANTHONY LYMAN,                     AUTHORITIES; DECLARATION OF ROBERT
13                                             ANTHONY LYMAN; DECLARATION OF JOHN
                       *Defendant.*            McCARTY; EXHIBIT "A"
14

15   In the matter of ROBERT ANTHONY
     LYMAN, *Petitioner,*
16
     for writ of habeas corpus.
17

18              PETITION FOR WRIT OF HABEAS CORPUS

19           MEMORANDUM OF POINTS AND AUTHORITIES

20           DECLARATION OF ROBERT ANTHONY LYMAN

21              DECLARATION OF JOHN McCARTY

22                      EXHIBIT "A"

23

24

25

26

27

28

# EXHIBIT 2



FILED

SEP 1 1 2006

K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA

By_____, Deputy Clerk

Superior Court of the State of California

In and For the County of Contra Costa

No. 061021-2

In re Robert Lyman,
On Habeas Corpus.

_____/

Decision on Petition
for Writ of
Habeas Corpus.

[Underlying docket,
No. 050504-0.]

    The court, on its own motion, takes judicial notice of petitioner's underlying docket as set forth above.  In that docket petitioner was charged as a so-called two strike defendant.  An enhancement for a prison prior was also alleged.  It was also alleged that petitioner was ineligible for probation because he had suffered five prior felony convictions dating back to 1988.

I.  Background and Contentions.

    Petitioner pled no contest on November 7, 2005 to violation of PC 245(a)(1), assault by force likely to cause great bodily injury, and was sentenced to five years in state prison.  Petitioner also admitted or pled no contest to an enhancement alleged under PC 12022.7(e), great bodily injury, domestic violence.  Petitioner's maximum state prison sentence apparently was 36 years, 8 months.  (See plea form in docket 050504-0, paragraph 9.)

EXHIBIT "H

At some point trial counsel learned from his investigator, John McCarty, that the complaining witness had lied at his preliminary hearing. The witness testified that she had not gone to Safeway on 12-24-04 and had not consumed alcohol. (See Decl. of McCarty, dated 12-23-05, attached to trial counsel's 1-4-06 unfiled PC 995 motion; see also Decl. of [trial counsel] Maurice Moyal, filed Dec. 8, 2005 in support of motion to withdraw plea.) The 995 motion was not heard. The motion to withdraw plea was heard and denied on January 9, 2006 when petitioner was sentenced to state prison. The December 23, 2005 Declaration of McCarty averred, at any rate, that the investigator was unable to inform trial counsel of the perjury because he had gone to Arkansas on business on Nov. 1, 2005.

McCarty has now filed a new declaration in which he avers that he in fact told trial counsel before the plea that he had learned about the perjured testimony and therefore his Dec.23, 2005 declaration was incorrect.

Petitioner avers that he learned of the perjured testimony the evening after the plea was taken. (Decl. of Lyman in support of Petition, para. 6.) He then asked trial counsel to file a motion to withdraw plea, which Mr. Moyal did. The trial court apparently did not find this "new evidence" sufficient to set aside the plea. (Id., para. 8.)

Petitioner now claims that the testimony would have aided his defense because petitioner could have argued that the victim had consumed alcohol and had attacked him and not that he had attacked her as they were driving in a van. Further, the fact that he was driving the victim's van would corroborate this fact because the victim was too inebriated or incapacitated to drive.

Petitioner now contends that his trial attorney rendered ineffective assistance of counsel when he allegedly failed to inform him prior to his plea that the victim had committed perjury. Petitioner contends that if he had been so informed he would not have pled no contest but would have gone to trial. Petitioner further clams that Mr. Moyal concealed these facts from him in order to induce him to take the five year offer. (Id., para. 10.)

II. Discussion.

A claim of ineffective assistance of counsel requires a showing both of deficient performance by the attorney and proof of resulting prejudice. The existence of prejudice is to be decided on the basis of the totality of the evidence before the judge or jury.

Here, a claim is advanced that concerns the November 7, 2005 plea, the "995 motion" and the motion to withdraw plea. No transcripts are provided for the plea or the motion to withdraw plea and sentencing. No declaration from Mr. Moyal has been lodged with the petition.

Accordingly, the petition is denied without prejudice to filing an adequate record. However, the court will make a tentative decision that petitioner has not shown prejudice. Even if trial counsel knew about the putative perjury, the court finds it is completely within professional norms and trial tactics to have advised his client to take the 5 year deal. With an exposure of 36 years, 8 months, going to trial would not appear to be reasonable or a particularly wise idea.

III. Disposition.

Petition denied without prejudice.

Dated: _Sept. 11_, 2006

Theresa Canepa,
Judge of the Superior Court

cc: 050504-0

Robert J. Beles, Esq.
1 Kaiser Plaza, Ste 2300
Oakland, CA 94621-3642

Maurice Moyal, Esq.
The Ivey House
1849 Clayton Road
Concord, CA 94520-2513

jj/moss31a

3

# EXHIBIT 3

1   Robert J. Beles Bar No. 41993
    Paul McCarthy Bar No. 139497
2   1 Kaiser Plaza, Suite 2300
    Oakland, California 94612-3642
3   Tel. No. (510) 836-0100
    Fax No. (510) 832-3690
4   Attorneys for *Petitioner ROBERT ANTHONY LYMAN*

F I L E D

NOV 0 7 2006

K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA

By _____ , Deputy Clerk

8               **Superior Court of California, County of Contra Costa**
                              **Main Courthouse**

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, <br><br> *Plaintiff,* <br><br> vs. <br><br> ROBERT ANTHONY LYMAN, <br><br> *Defendant.* | No. 061021-2 <br> Related Criminal No. 215795-6 <br><br> RESUBMITTED PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT ANTHONY LYMAN; DECLARATION OF JOHN McCARTY; DECLARATION OF ROBERT LYMAN IDENTIFYING LETTER FROM MAURICE MOYAL; EXHIBITS "A" THROUGH "H" |
| In the matter of ROBERT ANTHONY LYMAN, *Petitioner,* <br><br> for writ of habeas corpus. | |

**RESUBMITTED PETITION FOR WRIT OF HABEAS CORPUS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION OF ROBERT ANTHONY LYMAN**

**DECLARATION OF JOHN McCARTY**

**DECLARATION OF ROBERT LYMAN IDENTIFYING
LETTER FROM MAURICE MOYAL**

**EXHIBITS "A" THROUGH "H"**

# EXHIBIT 4



Superior Court of the State of California

In and For the County of Contra Costa

No. 061021-2

In re Robert Lyman,
On Habeas Corpus.

_____/

Decision on Petition
for Writ of
Habeas Corpus.

[Underlying docket,
No. 050504-0.]

    Petitioner filed his petition for writ of habeas corpus on August 14, 2006. A Supplement to the petition was filed on Sept. 8, 2006. This court denied the petition without prejudice on Sept. 11, 2006.

    Petitioner on November 7, 2006 resubmitted his petition with certain additional transcripts missing from the first submission.

    The court, on its own motion, takes judicial notice of petitioner's underlying docket as set forth above. In that docket petitioner was charged with six felony counts as a so-called two strike defendant. The charges included kidnapping, carjacking, assault with force likely to cause great bodily injury and false imprisonment. An enhancement for a prison prior was also alleged. It was also alleged that petitioner was ineligible for probation because he had suffered five prior felony convictions dating back to 1988.

## I. Background and Contentions.

Petitioner pled no contest on November 7, 2005 to violation of PC 245(a)(1), assault by force likely to cause great bodily injury and was sentenced to five years in state prison. Petitioner also admitted or pled no contest to an enhancement alleged under PC 12022.7(e), great bodily injury, domestic violence. Petitioner's maximum state prison sentence apparently was 36 years, 8 months. (See plea form in docket 050504-0, paragraph 9.)

At some point trial counsel learned from his investigator, John McCarty, that the complaining witness had lied at his preliminary hearing. The witness testified that she had not gone to Safeway on 12-24-04 and had not consumed alcohol. (See Decl. of McCarty, dated 12-23-05, attached to trial counsel's 1-4-06 unfiled PC 995 motion; see also Decl. of [trial counsel] Maurice Moyal, filed Dec. 8, 2005 in support of motion to withdraw plea.) The 995 motion was not heard. The motion to withdraw plea was heard and denied on January 6, 2006 when petitioner was sentenced to state prison. The December 23, 2005 Declaration of McCarty averred, at any rate, that the investigator was unable to inform trial counsel of the perjury because he had gone to Arkansas on business on Nov. 1, 2005.

McCarty has now filed a new declaration in which he avers that he in fact told trial counsel before the plea that he had learned about the perjured testimony and therefore his Dec. 23, 2005 declaration was incorrect.

Petitioner avers that he learned of the perjured testimony the evening after the plea was taken. (Decl. of Lyman in support of Petition, para. 6.) He then asked trial counsel to file a motion to withdraw plea, which Mr. Moyal did. The trial court apparently did not find this "new evidence" sufficient to set aside the plea. (Id., para. 8.)

Petitioner now claims that the testimony would have aided his defense because petitioner could have argued that the victim had consumed alcohol and had attacked him and not that he had attacked her as they were driving in a van. Further, the fact that he was driving the victim's van would corroborate this fact because the victim was too inebriated or incapacitated to drive.

Petitioner now contends that his trial attorney rendered ineffective assistance of counsel when he allegedly failed to inform him prior to his plea that the victim had committed perjury. Petitioner contends that if he had been so informed he would not have pled no contest but would have gone to trial. Petitioner further clams that Mr. Moyal concealed these facts from him in order to induce him to take the five year offer. (Id., para. 10.)

While petitioner has been unable to obtain a declaration from Mr. Moyal to further clarify the facts, i.e., who knew what and when, he has lodged a letter dated

2

March 2, 2006 from Mr. Moyal to petitioner. In that letter Mr. Moyal writes: "[I]n regards to your accusations that I 'suppressed' evidence from you, that is ridiculous and you know it. Further, I do not even know what you could possibly be referring to. The only thing I can think of is the issue of Tammy admitting to private investigator McCarty that she did buy the alcohol on the day in question. *If that is what you are referring to, you knew this fact when you decided to plead guilty.*" (Ex. B to Supp. Pet., p.1, italics added.)

II. Discussion.

A claim of ineffective assistance of counsel requires a showing both of deficient performance by the attorney and proof of resulting prejudice. The existence of prejudice is to be decided on the basis of the totality of the evidence before the judge or jury.

Here, a claim is advanced that concerns the November 7, 2005 plea, the "995 motion" and the motion to withdraw plea. Petitioner claims in his declaration that he learned of the complaining witness lying on the evening of Nov. 7, 2005, the day he entered his plea, when he telephoned McCarty. McCarty contends in his declaration that he informed counsel of this fact on the morning of Nov. 7, 2005. (Decl. of McCarty, para. 8, in Supp. Pet.) No averment is made by McCarty that he received a telephone call from petitioner the evening of Nov. 7, 2005. Based on this record the court does not find credible petitioner's claim that he telephoned the investigator on the evening of Nov. 7, 2005.

But this finding is not important because the motion to withdraw plea was filed and heard by the court before petitioner was sentenced. (See Ex. E to Supp. Pet., and motion in docket 050504-4.) The motion was based on Mr. Moyal's declaration that the petitioner did not know that the complaining witness had lied at his preliminary hearing. The court read the points and declaration and ruled as follows: "Mr. Lyman, we worked very hard that morning to get you a great deal, that was in consideration of the good points of the case and the bad points of the case. And the People came down and down, and you countered, all with knowledge of all the good and bad points with regard to this trial, and you know your exposure. [para.] So I don't find this information to be good cause to withdraw the plea... motion is denied." (Ex. E to Supp. Pet., p.13: 5 – 13.)

Even if trial counsel knew about the putative perjury on Nov. 7, 2005, the court finds it is completely within professional norms and trial tactics to have advised his client to take the 5 year deal. With an exposure of 36 years, 8 months, going to trial would not appear to be a reasonable or a particularly wise idea.

Second, even before the complaining witness admitted to McCarty that she had lied at the preliminary hearing about whether she had been drinking before the incident with petitioner, petitioner knew that her testimony was suspect and there was a witness

3

to prove it:

> Q. "So if Dwane Taylor came in here and testified that you were
>    drinking that day in his home, he would be lying?"
>
> ...
>
> A. "That's correct."

(Preliminary hearing, p.26: 3 – 8, Ex. C to Supp. Pet.)

Thus, the defense knew and petitioner knew at the time of his plea that the complaining witness quite possibly was not truthful. Mr. Moyal's investigation of the case had succeeded in finding a witness who would have testified that the complaining witness had in fact been drinking on the day of the incident and therefore had lied at the preliminary hearing. Petitioner knew that fact and nonetheless pled. Thus, the court does not find it credible that if petitioner had learned from the investigator that the complaining witness admitted that she had lied he would not have pled.

A claim of ineffective assistance of counsel requires a showing both of deficient performance by the attorney and proof of resulting prejudice. Based on this record the court finds that petitioner has not made a prima facie case on either prong.

III. Disposition.

Petition denied.

Dated: _Dec. 20_, 2006

_Theresa Canepa_
Theresa Canepa,
Judge of the Superior Court

cc: 050504-0

Robert J. Beles, Esq.
1 Kaiser Plaza, Ste 2300
Oakland, CA 94621-3642

Maurice Moyal, Esq.
The Ivey House
1849 Clayton Road
Concord, CA 94520-2513

jj/moss31a2

4

# EXHIBIT 5

Court of Appeals First Appellate District
Division

In the matter of ROBERT
ANTHONY LYMAN, *Petitioner*,

for writ of habeas corpus.

No.

PETITION FOR WRIT OF
HABEAS CORPUS;
MEMORANDUM OF POINTS
AND AUTHORITIES;
DECLARATION OF ANGEL
TORRES; EXHIBITS "A"
THROUGH "G"

## PETITION FOR WRIT OF HABEAS CORPUS

## MEMORANDUM OF POINTS AND AUTHORITIES

## DECLARATION OF ANGEL TORRES

## EXHIBITS "A" THROUGH "G"



FILED

MAR 1 2 2007

Court of Appeal - First App. Dist.
DIANA HERBERT

By: _____
Deputy

Robert J. Beles Bar No. 41993
Paul McCarthy Bar No. 139497
1 Kaiser Plaza, Suite 2300
Oakland, California
94612-3642
Tel. No. (510) 836-0100
Fax No. (510) 832-3690
Attorneys for *Petitioner ROBERT
ANTHONY LYMAN*

# EXHIBIT 6

# CALIFORNIA APPELLATE COURTS
## Case Information



| Welcome | **1st Appellate District** | Change court ☑ |
|---|---|---|

Search

E-mail

Court data last updated: 08/19/2008 11:05 AM

Calendar

**Case Summary**   **Docket**   **Scheduled Actions**   **Briefs**
**Disposition**   **Parties and Attorneys**   **Trial Court**

Help

Opinions

## Docket (Register of Actions)

**In re Robert Anthony Lyman on Habeas Corpus.**
**Division 1**
**Case Number A116990**

C|C
home

| Date | Description | Notes |
|---|---|---|
| 03/12/2007 | Filing fee. | |
| 03/12/2007 | Filed petition for writ of: | Habeas Corpus; |
| 03/21/2007 | Order denying petition filed. | |
| 03/21/2007 | Case complete. | |
| 03/19/2008 | Shipped to state retention center, box # / list #: | L 275 |

**Click here to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

# EXHIBIT 7

Name   Robert Anthony Lyman

Address   P. O. Box 705, WA-145

Soledad, CA 93960-0705

CDC or ID Number   T-03990

**SUPREME COURT**
**MC-275**

**FILED**

JUN 15 2007

Frederick K. Ohlrich Clerk

Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF CONTRA COSTA**
(Court)

Robert Anthony Lyman
Petitioner

vs.

BEn Curry, Warden
Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No.  **S153482**

*(To be supplied by the Clerk of the Court)*

**(EVIDENTIARY HEARING REQUESTED)**

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

# EXHIBIT 8

# CALIFORNIA APPELLATE COURTS
## Case Information

Supreme Court

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
·home

## Supreme Court

Change court ▼

Court data last updated: 08/19/2008 10:53 AM

**Case Summary    Docket    Briefs**
**Disposition    Parties and Attorneys    Lower Court**

## Docket (Register of Actions)

**LYMAN (ROBERT A.) ON H.C.**
**Case Number S153482**

| Date | Description | Notes |
|------|-------------|-------|
| 06/15/2007 | Petition for writ of habeas corpus filed | Robert Anthony Lyman, Petitioner in Pro Pro |
| 06/15/2007 | Exhibit(s) lodged | |
| 08/02/2007 | Received: | Letter from petitioner dated 8-1-2007 |
| 09/11/2007 | Change of contact information filed for: | petitioner |
| 09/13/2007 | Received: | Letter from petitioner dated September 12, 2007. (Copy mailed) |
| 09/24/2007 | Received: | Letter from petitioner (undated) wants to retain private counsel should O.S.C. issue. (copy of letter mailed to petitioner) |
| 11/15/2007 | Change of contact information filed for: | petitioner now at Calipatria State Prison (See letter dated 11-9-2007) |
| 12/19/2007 | Petition for writ of habeas corpus denied | |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# EXHIBIT 9

1  Robert J. Beles Bar No. 41993
   Paul McCarthy Bar No. 139497
2  1 Kaiser Plaza, Suite 2300
   Oakland, California 94612-3642
3  Tel. No. (510) 836-0100
   Fax No. (510) 832-3690
4  Attorneys for *Petitioner ROBERT ANTHONY LYMAN*

FILED

5

6

7

8  Superior Court of California, County of Contra Costa
   Main Courthouse

9

10  PEOPLE OF THE STATE OF CALIFORNIA,         No. O 80271—O
                                              Related Criminal No. 215795-6
11                     *Plaintiff,*
           vs.                                SECOND PETITION FOR WRIT OF HABEAS
12                                            CORPUS; MEMORANDUM OF POINTS AND
    ROBERT ANTHONY LYMAN,                     AUTHORITIES; DECLARATION OF ROBERT
13                                            ANTHONY LYMAN; DECLARATION OF ANGEL
                       *Defendant.*           TORRES; DECLARATION OF PAUL McCARTHY;
14                                            EXHIBITS "A" AND "B"

15  In the matter of ROBERT ANTHONY
    LYMAN, *Petitioner,*
16
    for writ of habeas corpus.
17

18              SECOND PETITION FOR WRIT OF HABEAS CORPUS

19              MEMORANDUM OF POINTS AND AUTHORITIES

20              DECLARATION OF ROBERT ANTHONY LYMAN

21                  DECLARATION OF ANGEL TORRES

22                  DECLARATION OF PAUL McCARTHY

23                      EXHIBITS "A" AND "B"

24

25

26

27

28

1

# EXHIBIT 10

F I L E D

JUN 24 2008

CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____
Deputy Clerk

Superior Court of the State of California

In and For the County of Contra Costa

No. 080271-0

In re Robert Lyman,
On Habeas Corpus.

_____/

Decision on Petition
for Writ of
Habeas Corpus.

[Underlying docket,
No. 050504-0.]

[Prior Habeas Writ,
No.061021-2.]

Petitioner filed his first petition for writ of habeas corpus on August 14, 2006. A Supplement to the petition was filed on September 8, 2006. This court denied the petition without prejudice on September 11, 2006. On November 7, 2006, Petitioner resubmitted his petition with certain additional transcripts missing from the first submission. That petition was denied on December 20, 2006. The Court of Appeal in turn denied a petition for habeas corpus on March 21, 2007.

On March 15, 2008, Petitioner filed another (denominated a second, but really a third) petition for writ of habeas corpus. Time for decision was extended to July 1, 2008 as the clerk's office improperly handled the file.

The court, on its own motion, takes judicial notice of Petitioner's underlying docket as set forth above. In that docket Petitioner was charged with six felony counts as a so-called two strike defendant. The charges included kidnapping, carjacking, assault with force likely to cause great bodily injury and false imprisonment. An enhancement for a prison prior also was alleged. It was also alleged that Petitioner was ineligible for probation because he had suffered five prior felony convictions dating back to 1988.

The petition alleges several grounds: (1) ineffective assistance of counsel in recommending a plea while counsel allegedly withheld information that impeached the victim's credibility; (2) ineffective assistance of counsel in recommending a plea after counsel called off a witness who would have testified that he saw the Petitioner and victim in a store together when the victim said she was being kidnapped in a van; (3) ineffective assistance of counsel in failing to subpoena the recording of a conversation between Petitioner and the complaining witness; and (4) *Brady* error because the District Attorney did not procure and provide a recording of Petitioner's conversation with the victim.

The first issue was resolved by the Court in its prior denial of habeas corpus on December 20, 2006. This order therefore will not revisit that decision, but will incorporate it and address the "new" allegations.

## I. The "New" Factual Allegations.

**The Torres Declaration.** Petitioner has filed a declaration of Angel Torres, who states that he saw defendant and the victim in a Walgreens at 3:30 pm on December 24, 2004. The victim appeared to be voluntarily following Petitioner in the store, and nagging him. Petitioner alleges that this impeached the victim's testimony at the preliminary hearing that Petitioner had kidnapped the victim that day and was driving her around without stopping from 2 to 4 pm. Torres further states in the declaration that when he gave Petitioner's counsel this information, counsel asked him to appear in court on a specified date to testify, but a few days before that date told him he need not appear. The declaration does not state what date that was, or whether the anticipated proceeding was a trial or preliminary hearing.

**Petitioner's Declaration.** Petitioner has filed a declaration in which he states he called the victim on February 18, 2005 from the jail. The victim allegedly told him that if she testified against him, the District Attorney's office would pay for her medical bills. Petitioner states that he asked his trial counsel to obtain the recordings of the telephone calls from jail but that trial counsel failed to do so.

**Habeas Counsel's Declaration.** Petitioner's habeas counsel has filed a declaration in which he states that he sought the tapes of the telephone calls Petitioner allegedly made to the victim from the jail, but was informed by the Sheriff's Department that the tapes are no longer available. Trial counsel apparently obtained tapes of other telephone calls that were not relevant.

## II. Legal Analysis.

The California Supreme Court has held that all habeas corpus claims must be raised in a single, timely-filed petition, and that when a party files a successive petition asserting new claims the petitioner must justify why it failed to assert the claims in the first petition. (In re Clark (1993) 5 Cal.4th 750; see also In re Robbins (1998) 18 Ca.4th 770.) Here, Petitioner does not justify the delay in making the current claims.

Petitioner does not explain why he did not raise the jail telephone issue in the first petition. That information was within Petitioner's personal knowledge. Indeed, he admits he told trial counsel about the conversation back in 2005, and asked his counsel to procure the tape before trial. The issue should have been raised in the first/second petition, if not in the motion to withdraw the plea. Thus, raising it now, in a successive petition without justification, is untimely.

The same is true of the related Brady issue: Petitioner knew in February 2005

2

that the complaining witness was allegedly given an inducement. He did not, however, raise the issue in the motion to withdraw the plea, or in the first/second habeas corpus petition. He waited three years, until March 2008, to raise the issue. By that time, the tape had been destroyed under Sheriff's Department policy, making it impossible determine if the tape was exculpatory or not, and so whether there was a *Brady* issue. Thus, again, raising the issue now, in a successive petition without justification, is untimely.

As to the Torres declaration, again Petitioner does not explain when he learned the information Torres provided, why it could not have been part of the motion to withdraw the plea, why it could not have been included in the first/second petition, or why it was so belatedly lodged with the court. Again, absent justification for the delay and successive petition, the petition is untimely. Moreover, while the Torres allegations cast doubt on the complaining witness's credibility, they are no more availing than the earlier impeaching allegations. The witness's already-known credibility problems were not found sufficient to warrant an order permitting the defendant to withdraw the plea, or the granting of the earlier habeas corpus petition. Petitioner argues that the Torres allegations show that defense counsel, in calling off Torres' testimony, never intended the case to go to trial. The declaration, however, does not state when the testimony was to occur. It could have been at the preliminary hearing. If that were the case, the decision not to call the witness would have no bearing at all on counsel's competence in advising his client about the plea months later. Thus, the allegations, even if true, do not make out a prima facie case of ineffective assistance of counsel. Moreover, the court earlier rejected the claim that trial counsel induced his client to plead by misinforming Petitioner or withholding information from Petitioner. There are no grounds to revisit that issue as it was resolved in the first petition and Petitioner has not explained why successive petitions on the same issue are appropriate.

For all these reasons the petition for writ of habeas corpus is denied.

Dated: _____, 2006

Leslie G. Landau,
Judge of the Superior Court

cc: 050504-0

Robert J. Beles, Esq.
1 Kaiser Plaza, Ste 2300
Oakland, CA 94621-3642

Maurice Moyal, Esq.
The Ivey House
1849 Clayton Road
Concord, CA 94520-2513

District Attorney

3