IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT LYMAN,

    Petitioner,

v.

LARRY SCRIBNER, Warden,

    Respondent.

No. C 08-02478 JSW

**ORDER GRANTING MOTION TO DISMISS**

This matter comes before the Court on consideration of Respondent Larry Scribner's ("Respondent") motion to dismiss the petition for writ of habeas corpus filed by Petitioner Larry Scribner ("Petitioner"), as well as on consideration of Petitioner's motion to compel. Having considered the motions, the oppositions thereto, and relevant legal authority, the Court GRANTS Respondent's motion to dismiss and DENIES Petitioner's motion to compel.

**BACKGROUND**

On January 6, 2006, Petitioner was sentenced to five years in prison. Petitioner did not pursue a direct appeal in state court. On August 14, 2006, Petitioner filed a habeas petition in Contra Costa Superior Court. (Ex. 1 attached to Mot. to Dismiss.) On September 11, 2006, the Superior Court denied the petition without prejudice based on Petitioner's failure to provide the required documents. (Ex. 2 attached to Mot. to Dismiss.)

On November 7, 2006, Petitioner filed another habeas petition in Contra Costa Superior Court. (Ex. 3 attached to Mot. to Dismiss.) On December 20, 2006, the Superior Court denied the petition. (Ex. 4 attached to Mot. to Dismiss.)

On March 12, 2007, Petitioner filed a habeas petition in the California Court of Appeal. (Ex. 5 attached to Mot. to Dismiss.) On March 21, 2007, the appellate court denied the petition. (Ex. 6 attached to Mot. to Dismiss.)

On June 15, 2007, Petitioner filed a habeas petition in the California Supreme Court. (Ex. 7 attached to Mot. to Dismiss.) On December 19, 2007, the California Supreme Court denied the petition. (Ex. 8 attached to Mot. to Dismiss.)

Petitioner filed his federal habeas petition in this Court on May 15, 2008. Respondent now moves to dismiss Petitioner's petition as untimely. The Court shall address additional facts pertinent to these motions in its analysis.

## ANALYSIS

**A.  Legal Standards.**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner seeking federal habeas relief must file his or her petition within a one year statute of limitations period. This one year limitations period runs from:

> the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ...
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A), (D).[1]

AEDPA also provides, however, that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation...." *Id.* § 2244(d)(2). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law."

---

[1]  Subsections (B) and (C) do not apply in this case.

2

*Evans v. Chavis*, 546 U.S. 189, 126 S.Ct. 846, 849 (2006) (citing *Carey v. Saffold*, 536 U.S. 214 (2002)) (emphasis in original).

Under California law, "the equivalent of a notice of appeal [for collateral review] is timely if filed within a 'reasonable time.'" *Id.* (quoting *In re Harris*, 5 Cal. 4th 813, 828, n.7 (1993).) Thus, to evaluate a statute of limitations defense and to evaluate whether time should be tolled, a federal habeas court must determine whether the time period that has elapsed between an adverse determination and the filing of an appeal is reasonable. *Id.*, 126 S.Ct. at 850.

**B.     Respondent's Motion to Dismiss.**

**1.     When the Statute of Limitations Began to Run.**

Respondent initially argued that pursuant to 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run sixty days after the Petitioner was sentenced, which is when his time to file a notice of appeal expired. Pursuant to 28 U.S.C. § 2244(d)(1)(D), if it is the latest date, the statute of limitations begins to run on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Petitioner counters the statute of limitations started accruing later because he argues that he did not discover the factual predicate of his claims until he received a letter from trial counsel dated March 22, 2006 and a declaration from the investigator, John McCarty, signed on July 25, 2006. (Opp. to Mot. to Dismiss at 4.) Petitioner argues that the letter from counsel was received "somewhat later than that by petitioner," but does not provide any indication of when that was. (*Id.*)

In his petition, Petitioner brings a claim for ineffective assistance of counsel for advising him to plead guilty when his counsel knew at the time of the plea that the victim had admitted to McCarty that she lied at the preliminary hearing. Petitioner argues that in his letter, his trial counsel contradicted earlier statements he had made and implied that he had received the information from McCarty regarding the victim's admission before the plea hearing. (Opp. to Mot. to Dismiss at 6.) According to Petitioner, in his declaration, McCarty states that he had advised trial counsel of the victim's admission before the plea hearing. (*Id*. at 5.)

3

Petitioner simply states that he had little control over trial counsel and McCarty. (*Id*. at 6.) Petitioner did not provide a copy of trial counsel's letter or of McCarty's declaration for the Court to review. Nor did Petitioner describe what efforts he made to interview McCarty or explain why, through due diligence, he could not have discovered the facts contained in his declaration sooner. It is the Petitioner's knowledge of the facts underlying his claim, not the evidentiary support of his claim, that starts the running of the statute of limitations. *See Flanagan v. Johnson*, 154 F. 3d 196, 199 (5th Cir. 1998) (rejecting the petitioner's argument that an affidavit formed the factual predicate of his claim and noting that the petitioner was confusing his knowledge of the factual predicate of his claim with the time for gathering evidence in support of that claim); *see also Weaver v. Alameida*, 225 Fed. Appx. 598, 599 (9th Cir. 2007) (factual predicate was discovered when counsel first interviewed a witness, not when the witness signed a declaration)*; Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001) (time runs from when evidence could have been discovered through diligent inquiry, not when it was actually discovered or its significance realized).

The Court finds that Petitioner has not demonstrated that July 25, 2006 is earliest date he could have discovered through the exercise of due diligence the factual predicate of his ineffective assistance of counsel claim. Instead, it appears as though Petitioner learned through the letter dated March 22, 2006 that his trial attorney had received the information from McCarty regarding the victim's admission before the plea hearing. Therefore, the Court holds that, pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations began to run on March 22, 2006.

**2.     Statutory Tolling.**

Petitioner filed his first state habeas petition in California Superior Court on August 14, 2006. By that time, 145 days had elapsed on the statute of limitations. The parties do not dispute that the statute of limitations was tolled during the time the petition was pending in the Superior Court. They also do not dispute that the statute of limitations was tolled during the time Petitioner's petitions before the California Court of Appeal and California Supreme Court were pending. The parties further agree that the statute of limitations ran from the date the

4

1  California Supreme Court denied his petition on December 19, 2007 until he filed his federal
2  petition. Thus, the parties agree that another 148 days elapsed on the statute of limitations.

3  What the parties dispute is whether the another petition filed in the Superior Court tolled
4  the statute of limitations and whether the time between the denial of his petition and his filing of
5  a petition in the California Court of Appeal, 82 days, and the time when that petition was denied
6  and his filing of a petition in the California Supreme Court, 88 days, was tolled. With respect to
7  the time periods before his filing petitions in the California Court of Appeal and the California
8  Supreme Court, 82 and 88 days respectively, Respondent argues that these do not constitute a
9  "reasonable time" under California law and, thus, that these periods should not be tolled. The
10 Court agrees.

11 In *Chavis*, the Court attempted to determine whether an "unexplained, hence
12 unjustified" delay of six months could be considered a "reasonable time," under California law.
13 The Supreme Court concluded that "[s]ix months is far longer than the 'short periods of time,'
14 30 to 60 days, that most States provide for filing an appeal." *Chavis*, 546 U.S. at 201 (citations
15 and internal brackets omitted). "It is far longer than the 10-day period California gives a losing
16 party to file a notice of appeal in the California Supreme Court." *Id.* Notably, the Court stated
17 that in determining whether a delay is reasonable

> the [Ninth] Circuit must keep in mind that, in *Saffold,* we held that timely filings
> in California (as elsewhere) fell within the federal tolling provision *on the
> assumption* that California law in this respect did not differ significantly from the
> laws of other States, *i.e.,* that California's "reasonable time" standard would not
> lead to filing delays substantially longer than those in States with determinate
> timeliness rules. ... California, of course, remains free to tell us if we were wrong.

22 *Id.* at 200. The Court concluded that the unjustified six-month delay could not be considered
23 reasonable under California law. *Id.*

24 Here, Petitioner waited 82 and 88 days after his habeas petition was denied to file his
25 petition in the California Court of Appeal and to file his petition in the California Supreme
26 Court, respectively. Petitioner did not provide any reason for these delays. Under the rationale
27 of *Chavis*, this unexplained, and hence unjustified, delay must be found to be unreasonable.
28 *Accord Livermore v.* Watson, 556 F. Supp. 2d 1112, 1120 (E.D. Cal. 2008) (finding delay of 78

5

day unreasonable and thus not subject to statutory tolling); Culver *v. Director of Corrections*, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (finding delays of 97 and 71 days unreasonable under *Chavis*); *Contreras v. Curry*, 2008 WL 4291473, *5 (N.D. Cal. Sept. 18, 2008) (finding 88 day delay unreasonable); *Hunt v. Felker*, 2008 WL 364995, *4 (E.D. Cal. Feb. 8, 2008) (finding 70 day delay unreasonable); *Bridges v. Runnels*, 2007 WL 2695177, *2 (E.D. Cal. Sept. 11, 2007 (finding 76 day delay unreasonable); *Forrister v. Woodford*, 2007 WL 8099991, *2-3 (E.D. Cal. March 15, 2007) (finding 88 day delay unreasonable). Therefore, the 82 day and 88 day intervals, amounting to 170 days, cannot be tolled under § 2244(d)(2). In addition to the 145 day and 148 day periods that were also not tolled, the Court finds that Petitioner did not file his petition within AEDPA's one-year limitation period.[2] Respondent's motion is GRANTED.

**C.     Motion to Compel.**

Petitioner filed a motion to compel Respondent to file the entire record of the state court proceedings. Respondent counters that he is only required to lodge the state court record when he files an answer on the merits, which he has not yet done. The Court agrees. Accordingly, the Court DENIES Petitioner's motion to compel.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Respondent's motion to dismiss the petition and DENIES Petitioner's motion to compel.

**IT IS SO ORDERED.**

Dated: November 10, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] Respondent also argues that the time period between the denial of Petitioner's first state habeas on September 11, 2006, and his filing of another petition in the California Superior Court on November 7, 2006 should not be tolled. However, the Court need not address this issue because even without considering this 57 day period, the Court has found that the petition was not filed within the one-year statute of limitations.

6